**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES JOSEPH OWENS-EL,

Petitioner - Appellant,

v.

WARDEN WILEY, ADX Florence,
Colo.,

Respondent - Appellee.

No. 05-1470

D. Colorado

(D.C. No. 05-cv-1464-ZLW)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL,** and **TYMKOVICH**, Circuit Judges.

James Joseph Owens-El, a federal prisoner proceeding pro se, filed in the

United States District Court for the District of Colorado an application for a writ

of habeas corpus under 28 U.S.C. § 2241 on August 4, 2005, and an amended

application on August 16, 2005. He alleges that in 1991 he informed prison

officials who were preparing to release him that he had another sentence to serve.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

He sought and was denied a meritorious-act award for this disclosure. According to Mr. Owens-El, the denial violated a number of his rights and the court should grant him either release on parole or good-time credit he would have received with the award. The district court denied the application and dismissed the case without prejudice for failure to state a claim upon which relief may be granted. Mr. Owens-El filed a notice of appeal on October 7, 2005. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The allegations in Mr. Owens-El's application are cryptic, often opaque, so we summarize them as best we can: While Mr. Owens-El was incarcerated in Marion, Illinois, in July 1990, three prison officials signed a form stating that he would be granted release on parole from his sentence for postal robbery. He notified them that he still had another sentence to serve arising from a conviction in California. One of the officials replied that the sentence had been reversed and that the prison's records showed that the sentence had been removed from his record. Two of those same officials returned to his cell later that day with the manager of Inmate Systems, who told him that there was no record of any other conviction. Mr. Owens-El then provided the manager with a copy of a memorandum opinion from 1988 denying his motion for a new trial; and the manager called the court clerk, who verified that the conviction and sentence still stood. The manager told Mr. Owens-El that he ought to apply for "a meritorious award" for his good deed, and that Mr. Owens-El had "saved the jobs of more

than 16 staff members." R. Vol. I Doc. 4 at 7. When Mr. Owens-El filed for an award in March 1991, however, the warden denied it on the basis of the false statement that Inmate Systems had been aware of and "keeping track" of the sentence all along. *Id.* at 12. Mr. Owens-El's appeal of the warden's decision was denied on May 24, 1991.

Mr. Owens-El's habeas corpus application, filed some 14 years later, claimed that the denial of a meritorious-act award (1) deprived him of due process, apparently because the denial was based on false and fraudulent information; (2) constituted fraud in the inducement; (3) violated the Fifth, Eighth, and Ninth Amendments in unspecified ways; (4) violated his right to equal protection; and (5) was an act of retaliation against him. He also claimed that, in deciding whether to grant him the award, (6) the warden violated his Sixth Amendment rights to a fair trial and to confront witnesses against him. As relief, he requested that he be released on parole or that his lost or forfeited good-time credits be restored. (Despite the suggestion that he lost or forfeited good-time credits, he points to no action causing him to lose such credits; his complaint, as far as we can tell, is only that he was denied credits he should have received.) Mr. Owens-El's claim was appropriately brought as a habeas application because the relief he seeks is either immediate release from custody or a reduction in the period of incarceration (by granting good time). *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus

proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." (internal quotation marks omitted)).

Although we construe pro se pleadings liberally, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), Mr. Owens-El must still allege sufficient facts on which a legal claim can be based. He cannot rely on vague and conclusory allegations that his rights have been violated. *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006). Nor is it our role to identify and make Mr. Owens-El's legal arguments for him. *See Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[A]lthough we make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." (internal quotation marks, brackets, and citation omitted)). We agree with the district court that Mr. Owens-El has failed to plead facts adequately in support of the claims he raises.

The crux of Mr. Owens-El's application is that the warden's denial of the "meritorious act award" violated his due-process rights. It is not entirely clear from his application what he means by a "meritorious act award," but we assume that he is referring to a "special award" under 28 C.F.R. § 545.29, which provides

that "Inmates who perform exceptional services not ordinarily a part of the inmate's regular assignment may be granted a special award . . . ." For Mr. Owens-El to have a due-process claim, he must allege the deprivation of a liberty interest. *See Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir. 2000). But because the granting of a special award is discretionary ("may be granted"), Mr. Owens-El has no liberty interest in such an award. Although it is true that good-time credits *already earned* may not be revoked "without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment," *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted), there is no liberty interest in receiving good-time credits when discretion to grant them has been vested in prison authorities. *See Fogle*, 435 F.3d at 1262 (10th Cir. 2006) (no liberty interest in potentially receiving good-time credits when underlying Colorado statute provided such credits were awarded solely at the discretion of prison officials); *Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994) (same). We also note that even if the special award were granted, it would not necessarily be granted in the form of time credits. *See* 28 C.F.R. § 545.29 (b) ("The special award may be given in the form of a monetary payment in addition to any other award (e.g., extra good time) given."). Mr. Owens-El therefore has no liberty interest in receiving a special award, and has failed to state a claim under the Due Process Clause.

-5-

Mr. Owens-El's remaining claims also can be dealt with readily. He claims that the warden's statement that Inmate Systems had been aware of the California conviction all along was a fraudulent inducement to contract; but he fails to identify any contract. Also, he quotes in full the Fifth, Eighth, and Ninth Amendments but makes no allegations whatsoever regarding his rights under these amendments or how they might have been violated.

He alleges that denial of the award violated his right to equal protection; quotes both the Fourteenth Amendment to the Constitution and 28 C.F.R. § 551.90 ("Bureau staff shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability, or political belief. This includes the making of administrative decisions and providing access to work, housing and programs."); and states that he was discriminated against on the basis of political belief. He also claims that denial of the award was an act of retaliation for his previous conviction for assaulting a corrections official, which claim we construe as a claim of another equal-protection violation. For none of these equal-protection claims, however, has he identified how he was treated differently from other similarly situated inmates. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

Finally, Mr. Owens-El's Sixth Amendment claim appears to be based on his allegation that the warden produced no evidence to support his denial of the award, and that "[t]he Warden has never produced a witness against me."

R. Vol. I Doc. 4 at 24. By its own terms, however, the Sixth Amendment applies only to criminal trials, *see Bennett v. Nat'l Transp. Safety Bd.*, 66 F.3d 1130, 1136 (10th Cir. 1995), and Mr. Owens-El contests only the denial of a discretionary special award while in prison.

In sum, we AFFIRM the judgment of the district court. Mr. Owens-El's motion to add new facts out of time is DENIED as moot, and we DENY his motion to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge